*CLOSED*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC BRODY, | : | |
| | : | Civil Action No. 16-3297 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| MATTHEW SALVATO et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff's motion to remand for lack of subject matter jurisdiction. Defendants Matthew Salvato, Next Level Web Strategies, LLC, Professional Court Reporting and Video, LLC, and Stephen Silenzio (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on or about June 7, 2016. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of a counterclaim arising under federal law, pursuant to 28 U.S.C. § 1331. Plaintiff now moves to remand the case for lack of subject matter jurisdiction.

Plaintiff moves for remand on a number of grounds, but this Court need only reach the matter of subject matter jurisdiction to decide this motion. Plaintiff contends that a federal question counterclaim is not a proper basis for removal. Plaintiff is correct. The Supreme Court has held:

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables

him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. . . For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-or-counterclaim rule" urged by respondent.

Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 832 (2002) (citation omitted).

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

In opposition, Defendants argue that their copyright infringement counterclaim is compulsory. Whether or not this is true, it does not change the rule of Holmes: it is the complaint alone that provides the basis for removal jurisdiction. Nor have Defendants offered any authority for their assertion that the complete preemption doctrine has any application here.

Defendants, the removing party, have failed to demonstrate that there is federal subject matter jurisdiction over this action.  Because this Court lacks subject matter jurisdiction over this case, this case shall be remanded to the Superior Court of New Jersey.

For these reasons,

**IT IS** on this 9th day of August, 2016

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey.

    s/Stanley R. Chesler    
STANLEY R. CHESLER, U.S.D.J.